No. 21076.

JOSEPH H. SEIFERT *v.* DE LYDA SEIFERT.
(392 P.2d 597)

Decided June 1, 1964.

Mr. ROBERT L. MCDOUGAL, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE defendant in error, De Lyda Seifert, has made no appearance in this court and has filed no answer brief. From the record before us there is good reason for this. She was not a party to the action below, although judgment was entered in her favor and against plaintiff in error, Joseph H. Seifert, her former husband. What happened in the trial court is so bizarre that a recital thereof will point up the error committed there.

De Lyda and Joseph were divorced in 1956. As part of the property settlement agreement, Joseph executed a non-interest bearing promissory note in the sum of $5000.00 payable to De Lyda thirty-six months after the date thereof. Joseph didn't pay the note when due, and in 1959 he instituted proceedings in bankruptcy, in which De Lyda was listed among his creditors. De Lyda filed a claim. Joseph subsequently obtained a discharge in bankruptcy.

Sometime in mid-1962 De Lyda was adjudged a mental incompetent, and one Barbara Davis was appointed conservatrix. When in November, 1962, De Lyda was restored to reason and Barbara Davis attempted to obtain her discharge as conservatrix, there was filed in the county court by the State of Colorado an objection to her being discharged on the ground that there remained unpaid in the estate a claim for payment of the expense of care and custody of De Lyda at the State Hospital in Pueblo while assets in the estate, to-wit: a $5000.00 promissory note of Joseph, remained uncollected. Barbara then obtained a county court order authorizing her to institute suit to enforce the collection of the $5000.00 note.

Barbara, however, did not bring suit on the note.

Instead she filed a motion in the seven-year-old divorce action asking the court to enter judgment against Joseph for $5000.00 plus interest because of his failure to pay the obligation as agreed in the property settlement. The court entered judgment against Joseph for $5000.00 plus interest from the date of its execution and also for $500.00 attorney's fees. Joseph is here to reverse that judgment.

In the action below it was urged upon the court: 1. That the court did not have jurisdiction to reopen the divorce action; 2. that if the court did have jurisdiction De Lyda was fully restored to reason and was the only person who could file the motion; 3. that Barbara Davis could not be substituted for De Lyda in the divorce proceeding since no motion was filed pursuant to rule permitting substitution; 4. that the note had been discharged in bankruptcy. It needs no citation of authority other than the statute, 1960 Perm. Supp., C.R.S. '53, sec. 46-1-5, to demonstrate that the court had no jurisdiction to entertain the motion no matter by whom it was filed. The motion showed on the face thereof that it was subject to dismissal.

The judgment is reversed.